UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLEN FOLSOM, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )  Case No. CIV-21-582-G |
| | ) |
| BECKHAM COUNTY COURT et al., | ) |
| | ) |
|     Respondents. | ) |

## **ORDER**

Petitioner Glen Folsom, a state prisoner appearing pro se, initiated this habeas proceeding in June 2021. The matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. § 636(b)(1).

On June 16, 2021, Judge Erwin advised Petitioner that his initial pleading (Doc. No. 1) was deficient for multiple reasons and that if Petitioner wished to proceed with this action he must either "file a PROPER petition" or "file a civil rights complaint omitting any claims for habeas relief" no later than July 5, 2021. Order of June 16, 2021 (Doc. No. 9) at 2-3. The Clerk of Court was instructed to transmit the necessary forms for compliance to Petitioner. *See id.* at 3; *see also* LCvR 9.2(a).

Following the submission of some items of correspondence from Petitioner, the Court extended Petitioner's deadline for compliance first to July 30, 2021, and then again to August 31, 2021. *See* Order of July 13, 2021 (Doc. No. 14) at 1; Order of Aug. 13, 2021 (Doc. No. 20) at 1-2. Petitioner was mailed the requisite forms each time and also was expressly advised: "Failure to comply with this Court's Orders may result in the dismissal

of this action without prejudice to re-filing and without further notice." Order of July 13, 2021, at 1; Order of Aug. 13, 2021, at 2.

As of this date, Petitioner has failed to submit an amended pleading. The Court has considered Petitioner's written submissions and concludes that, even when allowed a liberal construction, none shows good cause for his continued failure to comply with the Court's Orders, given that the Clerk of Court has mailed Petitioner the proper forms several times.

Petitioner has had "ample time" to ensure compliance but has instead chosen to disregard the Court's Orders. *Soeken v. Estep*, 270 F. App'x 734, 736 (10th Cir. 2008). "A district court possesses broad discretion in determining whether to dismiss a petition without prejudice for failing to comply with court orders." *Id.* at 735-36; *see, e.g.*, *Thornton v. Estep*, 209 F. App'x 755, 756-57 (10th Cir. 2006) (finding no abuse of discretion in district court's dismissal of habeas petition for failure to prosecute when petitioner failed to respond to court's order and to comply with local rule); *Adams v. Wiley*, 298 F. App'x 767, 768-69 (10th Cir. 2008) (affirming dismissal of habeas action for failure to prosecute and comply with magistrate judge's order where "despite being warned of the consequence that his action would be dismissed, [the petitioner] failed to submit the forms as ordered by the court"). In addition, "Petitioner's lack of interest in complying with the Court's Orders combined with the Court's attempt to manage and control its caseload warrants a dismissal of the action without prejudice." *Sears v. Dist. Att'y*, No. CIV-17-1195-HE, 2017 WL 7669372 (W.D. Okla. Dec. 28, 2017) (R. & R.) (alterations and internal quotation marks omitted) (citing *Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th

Cir. 1980)), *adopted*, 2018 WL 837607 (W.D. Okla. Feb. 12, 2018); *accord Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits sua sponte for lack of prosecution "to achieve the orderly and expeditious disposition of cases").

## CONCLUSION

For the foregoing reasons, the Petition (Doc. No. 1) in this matter is DISMISSED without prejudice. A separate judgment shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is denied.

IT IS SO ORDERED this 30th day of March, 2022.

*[signature: Charles B. Goodwin]*
CHARLES B. GOODWIN
United States District Judge